IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | | |
|---|---|---|
| Patrick Timothy Jeffers, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:15cv808 (AJT/IDD) |
| | ) | |
| C. Allen, | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION

Patrick Timothy Jeffers, a Virginia inmate proceeding pro se, has filed a petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his convictions

entered in the Circuit Court for Middlesex County, Virginia. On September 24, 2015,

respondent filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and exhibits.

Dkt. Nos. 16, 17, 18. Petitioner was given the opportunity to file responsive materials, pursuant

to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a response. Accordingly, the

matter is now ripe for disposition. For the reasons that follow, petitioner's claims must be

dismissed.

## I. Background

Petitioner is in respondent's custody pursuant to a judgment of the Circuit Court for

Middlesex County entered on April 6, 2012. Petitioner, pursuant to a plea agreement, entered a

conditional guilty plea to nineteen (19) counts of possession of child pornography and one (1)

count of reproduction of child pornography. Case Nos. CR11-56 through 61, CR11-78 through

89, and CR11-214. Pursuant to the plea agreement, the court sentenced petitioner to a total

sentence of 210 years' incarceration, with 190 years suspended.

Petitioner appealed, and the Virginia Court of Appeals granted the appeal and affirmed in a published opinion on June 18, 2013.  Jeffers v. Commonwealth, 62 Va. App. 151, 743 S.E.2d 289 (2013) [Rec. No. 0573-12-2].  Thereafter, the Supreme Court of Virginia refused petitioner's appeal on November 6, 2013.  Rec. No. 131097.

The Virginia Court of Appeals' opinion dated June 18, 2014 and the record reflect the following facts:

> In February 2011, investigators with the Internet Crimes Against Children Task Force (ICAC) learned that child pornography had been posted on the internet by a computer using a particular IP address.  Pursuant to a subpoena to the electronic service provider, ICAC investigators discovered that the IP address was registered to Isla Loxley at 106 Barricks Mill Road, Topping, Virginia.  Deputies from the Middlesex County Sheriff's Office, an affiliate member of ICAC, went to that address to observe the layout of the property for purposes of preparing an affidavit for a search warrant.  They observed a trailer and a small barn on the property.  They also noticed a vehicle registered to Jeffers, a felon previously convicted of possessing child pornography.  The officers then prepared a highly detailed affidavit seeking a search warrant.

> A magistrate issued a search warrant directing the officers to search for evidence of child pornography on the property. . . .  Officers arrived at 106 Barricks Mill Road to execute the warrant.  The street address, marked by a single mailbox, identified the entire property – including both the trailer and the barn.  The officers first went to the trailer and spoke with one of its residents, who told the officers that Jeffers lived in the barn.

> Jeffers was detained by officers when he appeared at the door of the barn.  An officer quickly performed a protective sweep of the barn to determine the existence of any threats.  The officer then came out of the barn to talk to Jeffers.  Jeffers said he received Internet service in the barn from "a physical wire that goes to the computer . . . from the trailer."  Loxley confirmed this with another officer on the scene.  Jeffers also stated that "he had a porn addiction and an attraction to adolescents."

> The officers thereafter searched the trailer and the barn pursuant to the warrant.  The search confirmed that a computer router inside the trailer supplied Internet access to the barn and that a computer in the barn contained child pornography.

Rec. No. 0573-12-2, June 18, 2014 Opinion at 3.

On October 8, 2014, petitioner filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, which subsequently denied it on March 24, 2015.  Rec. No. 141419.  On June

15, 2015, petitioner timely filed the instant federal habeas petition raising the same claims he previously raised in his state habeas petition:

> I. Counsel was ineffective for failing to challenge whether probable cause existed to issue the search warrant and weather probable cause existed to search Jeffers' residence.
>
> II. Counsel was ineffective for failing to assert "a reverse *Franks* claim" that the officer intentionally withheld information from the issuing magistrate, which would have negated probable cause.
>
> III. Counsel was ineffective for failing to contest the legality of evidence obtained when petitioner was illegally seized and removed from his residence and then restrained.
>
> IV. Counsel was ineffective for failing to raise a claim that the police officer's protective sweep of the petitioner's residence was in violation of the Fourth Amendment, and any evidence derived from that sweep should have been suppressed.
>
> V. The trial court denied the petitioner his due process rights by failing to rule on the merits of one of his suppression claims.
>
> VI. The Court of Appeals denied petitioner his due process rights by failing to address one his claims on appeal.
>
> VII. Petitioner's guilty plea was "unintelligently accepted and coerced."

See Dkt. No. 1.

## II. Exhaustion

Exhaustion is a matter of comity to the state courts, and failure to exhaust requires dismissal from federal court so that the petitioner may present his claims to the state courts first. See 28 U.S.C. 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, the petitioner must present the same factual and legal claims raised in the instant case to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See Duncan v. Henry, 513 U.S. 364 (1995); Mallory

3

v. Smith, 27 F.3d 991, 994 (4th Cir. 1994) ("mere similarity of claims is insufficient to exhaust"

state remedies).  In reviewing federal challenges to state proceedings, "[s]tate courts, like federal

courts, are obliged to enforce federal law.  Comity thus dictates that when a prisoner alleges that

his continued confinement for a state court conviction violates federal law, the state courts

should have the first opportunity to review this claim and provide any necessary relief."

O'Sullivan, 526 U.S. at 844.  Where questions concerning exhaustion arise, the petitioner bears

the burden of demonstrating that he properly presented his claim, including the operative facts

and controlling legal principles, to the state courts in accordance with the state's "chosen

procedural scheme." Mallory, 27 F.3d at 995, see also Kasi v. Angelone, 300 F.3d 487, 501-01

(4th Cir. 2002).

Stated simply, in order to properly exhaust a claim prior to filing a § 2254, petitioner

must have presented the same legal argument and factual support to the Supreme Court of

Virginia on direct appeal, in an original jurisdiction state habeas corpus petition, or in a habeas

appeal from a circuit court's denial of habeas relief.  See 28 U.S.C. § 2254(b).

### III. Procedural Default

If a state court finds, based on an adequate and independent state-law ground, that a claim

is procedurally defaulted from review, then the claim is not reviewable by the federal habeas

court.  See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991); Williams v. French, 146 F.3d

203, 208-09 (4th Cir. 1998) (internal citations omitted).  A state procedural rule is "adequate" if

it is "regularly or consistently applied by the state court," and is "independent" if its application

does not depend on the federal Constitution. Williams, 146 F.3d at 209 (internal citations

omitted).  The only exception to this rule is if the petitioner can show cause and prejudice for the

default, or a fundamental miscarriage of justice, such as actual innocence.  See, e.g., Harris v.

Reed, 489 U.S. 255, 262 (1989) (internal citations omitted).

<u>Claim VI</u>

Petitioner claims that the Virginia Court of Appeals denied petitioner his due process rights by failing to address one of the petitioner's claims on appeal. Specifically, it appears that petitioner claims the Court of Appeals affirmed the trial court for different reasons than the trial court had previously addressed. This claim was rejected by the state habeas court, which held, "[C]laim (6) is barred because a petition for a writ of habeas corpus may not be employed as a substitute for an appeal. <u>Brooks v. Peyton</u>, 210 Va. 318, 321-22, 171 S.E.2d 243, 246 (1969)." Rec. No. 141419 March 24, 2015 Order at 6. Petitioner had the opportunity to raise this claim in his direct appeal, and he did not; therefore, this claim is now defaulted. Since the state court found, based on an adequate and independent state-law ground, that this claim was procedurally barred from habeas review, Claim VI is not reviewable by the federal habeas court, and it must be dismissed. Petitioner has not established cause and prejudice or a fundamental miscarriage of justice that excuses his default.

### IV. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas corpus petition, a federal court may not grant the petition on that particular claim unless the state court's adjudications were contrary to, or an unreasonable application of, clearly established federal law, or were based on an unreasonable determination of the facts presented at the trial. 28 U.S.C. § 2254(d)(1)-(2). This test erects a "formidable barrier to federal habeas relief" for claims adjudicated on the merits. <u>Burt v. Titlow</u>, 134 S. Ct. 10, 16 (2013). Under this standard, for a state prisoner to obtain habeas relief, he "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." <u>Harrington v. Richter</u>, 562 U.S. 86, 103 (2011).

5

The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination violates the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. When reviewing the state court's findings, the federal court is limited to the record before the state court at the time of the decision. See Cullen v. Pinholster, 563 U.S. 170 (2011).

Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. Importantly, this standard of reasonableness is an objective one, and does not allow a federal court to review simply for plain error. Id. at 409-10; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003). In addition, a federal court should review the state court determination with deference; the court cannot grant the writ simply because it concludes that the state court incorrectly determined the legal standard. See Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002) (internal citations omitted). A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

A. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, a petitioner must meet the two-pronged test established in Strickland v. Washington, 455 U.S. 668 (1984). Under this test, a

petitioner must prove both that his attorney's performance was so deficient "that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and that this performance prejudiced the outcome of petitioner's trial. Strickland, 466 U.S. at 687. To meet the second prong, petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A court reviewing a claim of ineffective assistance of counsel must presume that counsel acted competently, and should determine the merits of the claim based on the information available to the attorney at the time of the trial. See, e.g., Bell v. Cone, 535 U.S. 685, 695 (2002); Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000).

In addition, the two prongs, deficient performance and prejudice, constitute "separate and distinct elements." Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). Therefore, a court can appropriately dismiss an ineffective assistance of counsel claim on either prong. Strickland, 466 U.S. at 697; see also Bell v. Cone, 535 U.S. 685, 695 (2002) (internal citations omitted) ("Without proof of both deficient performance and prejudice to the defendant, we concluded it could not be said that the sentence or conviction resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable, and the sentence or conviction should stand."). In his remaining claims, petitioner cannot meet the high standard set forth in Strickland because he cannot show that his attorney's performance was deficient and that he was prejudiced as a result.

### V. Analysis

#### Claim I

Petitioner claims that counsel was ineffective for failing to challenge whether probable cause existed to issue the search warrant and whether probable cause existed to search petitioner's residence. Petitioner argues that over four months passed between the time police

7

discovered child pornography posted to the internet from petitioner's IP address and the time the search warrant was issued. He additionally argues that a single image of child pornography was insufficient to establish that someone residing at his residence "collected" child pornography. As to whether counsel was ineffective for failing to argue there was a lack of probable cause in regards to the warrant, the state habeas court found:

> [T]his portion of claim (1) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984). The record, including the motion to suppress, demonstrates that counsel did argue there was insufficient probable cause to support the issuance of the search warrant due to the lapse in time between the initial discovery of the image and when the warrant was obtained. The record, including the affidavit in support of the search warrant, further demonstrates that the affidavit stated that child pornography had been possessed and possibly offered for download by a computer using the IP address registered to petitioner's address. Counsel could reasonably have determined this was sufficient to establish probable cause. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, he would have pleaded not guilty, would have proceeded to trial, and the outcome of the proceedings would have been different. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Rec. No. 141419, March 24, 2015 Order at 2. As to the claim that counsel was ineffective for failing to argue that the police lacked probable cause to search petitioner's home, the state habeas court found:

> [T]his portion of claim (1) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. The record, including the transcript of the suppression hearing, demonstrates that the search was conducted pursuant to a warrant. Counsel could reasonably have determined any argument that police conducted an illegal warrantless search was without merit. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, he would have pleaded not guilty, would have proceeded to trial, and the outcome of the proceedings would have been different. Hill, 474 U.S. at 59.

Rec. No. 141419, March 24, 2015 Order at 3.

During the motion to suppress hearing, counsel informed the court that she was relying upon her motion filed with the court, which contained a claim regarding a lack of probable cause to issue the warrant. See Mot. to Suppress, Sept. 27, 2011. It is clear that counsel did present the issue to the trial court. The fact that the IP address in question listed a file containing known child pornography for "trade" is indicative of the actions of a collector; thus, there was sufficient evidence for a magistrate judge to properly conclude there was probable cause to believe the person accessing the identified network was a "collector." Clearly, petitioner has failed to establish either deficient performance or prejudice as required by Strickland, and the state habeas court's determinations were reasonable. Those findings are given deference, and Claim I must be dismissed.

Claim II

Petitioner asserts that counsel was ineffective for failing to assert "a reverse Franks claim" that the officer intentionally withheld information from the issuing magistrate, which would have negated probable cause. The state habeas court addressed this claim and held:

> [C]laim 2 satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. Petitioner proffers no support for his allegation that police were aware the barn was petitioner's separate residence. In addition, the record, including the transcript of the suppression hearing, demonstrates that Investigator Lyons, who authored the affidavit and obtained the warrant, was not aware that petitioner was living in the barn until police executed the search warrant. Counsel could reasonably have determined any argument to the contrary would have been meritless. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, he would have pleaded not guilty, would have proceeded to trial, and the outcome of the proceedings would have been different. Hill, 474 U.S. at 59.

Rec. No. 141419, March 24, 2015 Order at 3-4. Although petitioner claims the police knew the "brown barn" was actually petitioner's residence and intentionally withheld that information from the magistrate, that claim is refuted by the record. Investigator Lyons testified that he was

9

unaware petitioner was living in the barn until the police executed the search warrant. (Oct. 19, 2011 Tr. at 42). In addition, trial counsel maintained that she had no evidence supporting a claim that a fact was intentionally withheld from the magistrate. State Habeas Mot. to Dismiss, Churchill Aff. Counsel is not ineffective for failing to make futile objections or motions. Moody v. Polk, 408 F.3d 141, 151 (4th Cir. 2005) (holding counsel is not required to file frivolous motions). Therefore, the state court finding is neither contrary to, nor an unreasonable application of federal law, and its holding is entitled to deference; thus, Claim II must be dismissed.

Claim III

Petitioner asserts that counsel was ineffective for failing to contest the legality of the evidence obtained when petitioner was allegedly illegally seized, removed from his residence, and then restrained. The state habeas court reviewed this claim and found:

> [C]laim (3) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. The record, including the transcript of the motion to suppress and the affidavit of counsel, demonstrates that petitioner was briefly detained, in handcuffs, after petitioner refused to exit the barn so that police could execute the search warrant. After officers completed a protective sweep of the property, they removed the handcuffs and informed petitioner that he was not under arrest. Counsel could reasonably have determined this detention did not violate the Fourth Amendment. See Michigan v. Summers, 452 U.S. 692, 705 (1981) ("a warrant to search for contraband founded on probable cause implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is conducted"). In addition, petitioner fails to identify the statements obtained as a result of this brief detention that he contends counsel should have moved to suppress. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, he would have pleaded not guilty, would have proceeded to trial, and the outcome of the proceedings would have been different. Hill, 474 U.S. at 59.

Rec. No. 141419, March 24, 2015 Order at 4-5. This finding is neither contrary to, nor an unreasonable application of federal law, and it is not based upon and unreasonable interpretation

of the facts. Therefore, the state habeas court's ruling is entitled to deference, and Claim III must

be dismissed.

Claim IV

Petitioner alleges that counsel was ineffective for failing to argue that the police officer's

protective sweep of the petitioner's residence violated the Fourth Amendment, and that any

evidence from that sweep should have been suppressed. The state habeas court reviewed this

claim and held:

> [C]laim (4) satisfies neither the "performance" nor the "prejudice" prong of the
> two-part test enunciated in Strickland. The record, including the transcript of the
> motion to suppress, demonstrates that petitioner's residence was searched
> pursuant to a warrant. Counsel could reasonably have determined any argument
> that police acted improperly by conducting a brief protective sweep prior to
> executing the warrant would have been futile. In addition, petitioner fails to
> identify any evidence discovered as a result of the protective sweep that would
> not have been discovered during the search pursuant to the warrant. Thus,
> petitioner has failed to demonstrate that counsel's performance was deficient or
> that there is a reasonable probability that, but for counsel's alleged errors, he
> would have pleaded not guilty, would have proceeded to trial, and the outcome of
> the proceedings would have been different. Hill, 474 U.S. at 59.

Rec. No. 141419, March 24, 2015 Order at 5-6. This finding is neither contrary to, nor an

unreasonable application of, federal law, and it is not based upon an unreasonable interpretation

of the facts. Therefore, the state habeas court's finding is entitled to deference, and Claim IV

must be dismissed.

Claim V

Petitioner claims that the trial court denied petitioner his due process rights by failing to

rule on the merits of petitioner's suppression claims. This Court is barred from considering

petitioner's Fourth Amendment claim by Stone v. Powell, 428 U.S. 465 (1976).

Under Stone, a petitioner may not raise a Fourth Amendment claim in a federal petition

for a writ of habeas corpus unless he can show that he was denied the opportunity to fully and

fairly litigate this claim in in state court. Id. at 494. Pursuant to Stone, unless the federal habeas court determines that the state did not provide the petitioner an opportunity for full and fair litigation of a particular Fourth Amendment claim, a federal court may not reexamine a state court's determination that no Fourth Amendment violation occurred. Hughes v. Dretke, 412 F.3d 582, 596 (5th Cir. 2005), cert. denied, 546 U.S. 1177 (2006). Thus, as the Fourth Circuit has observed, "Stone . . . marked, for more practical purposes, the end of federal court reconsideration of Fourth Amendment claims by way of habeas corpus petitioners where the petitioner had an opportunity to litigate those claims in the state court." Grimsley v. Dodson, 696 F.2d 303, 304 (4th Cir. 1982).

Petitioner presented and argued a motion to suppress at trial. The state court procedures provided petitioner the opportunity to raise this claim prior to trial and on appeal, and he is now barred from federal review. Therefore, Claim V must be dismissed.

Claim VII

Petitioner claims that his guilty plea was "unintelligently accepted and coerced." The state habeas court identified the first part of this claim as: "petitioner contends he was denied the effective assistance of counsel because counsel failed to inform him that his pleas of guilty would preclude the filing of a civil action against the police for misconduct related to the search of his barn." Rec. No. 141419, March 24, 2015 Order at 6. The state habeas court addressed this part of Claim VII and found that:

> [T]his portion of claim (7) fails to satisfy the "prejudice" prong of the two-part test enunciated in Strickland. The record demonstrates that, prior to the entry of petitioner's guilty pleas, the trial court had determined the police acted properly in searching petitioner's home. Moreover, in exchange for his pleas, the Commonwealth agreed to move to nolle prosequi twelve additional counts of possession of child pornography, second or subsequent offense, carrying a maximum term or 120 years of incarceration, to cap petitioner's active sentence at twenty years, and to permit petitioner to appeal the trial court's denial of his

12

> suppression motion. Thus, petitioner has failed to demonstrate that there is a reasonable probability that, but for counsel's alleged errors, he would have pleaded not guilty, would have proceeded to trial, and the outcome of the proceedings would have been different. Hill, 474 U.S. at 59.

Id. at 6-7. As to the remaining portion of petitioner's Claim VII, in which "petitioner contends that he was denied the effective assistance of counsel because counsel coerced him to plead guilty by telling petitioner that the trial court would 'almost definitely' find him guilty and impose a lengthy prison sentence if petitioner proceeded to trial," the state habeas court found:

> [T]his portion of claim (7) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. The record, including the transcripts, the affidavit of counsel, and petitioner's exhibits, demonstrates that the police had discovered images of child pornography on petitioner's computer equipment, that petitioner had previously been convicted of several counts of possession of child pornography, and that the petitioner faced a potential sentence of over 300 years if convicted at trial. Counsel is neither ineffective nor coercive for correctly informing his client of the potential consequences of rejecting a plea agreement and proceeding to trial. Moreover during his plea colloquy, petitioner stated that he had decided for himself to plead guilty, that no one had threatened or forced him to enter his pleas, and that his pleas were voluntary. Petitioner had failed to offer a valid reason why he should not be bound by these representations. See Anderson v. Warden, 222 Va. 511, 516, 281 S.E.2d 885, 888 (1981). Thus, petitioner has failed to demonstrate that there is a reasonable probability that, but for counsel's alleged errors, he would have pleaded not guilty, would have proceeded to trial, and the outcome of the proceedings would have been different. Hill, 474 U.S. at 59.

Rec. No. 141419, March 24, 2015 Order at 7-8. These state habeas court findings are neither contrary to, nor an unreasonable application of, federal law, and they are not based on an unreasonable interpretation of the facts; therefore, the findings are entitled to deference.

During his guilty plea colloquy, petitioner stated that he understood he was facing 31 counts of possession of child pornography as a second offense and one count of reproduction of child pornography. March 21, 2012 Tr. at 4-11. Petitioner stated that he had had enough time to speak to his counsel regarding all possible defenses, that he had decided for himself to plead guilty, and that he was not threatened or forced to enter his guilty pleas. Id. He declared that no

one had made promises to him that had not already been included in the plea agreement, and

petitioner acknowledged that the court was not bound by sentencing guidelines. Id. He also

acknowledged that if the plea agreement was rejected and he elected to go to trial, any sentence

he received might be higher than the sentence in the plea agreement. Id. In exchange for his

guilty plea, he understood that the Commonwealth moved to nolle proseque 12 counts of

possession of child pornography, which carried an additional exposure of 120 years'

incarceration. Id. Clearly, no rational defendant would have insisted on pleading not guilty and

going to trial.

Additionally, petitioner alleges that counsel failed to inform him that if he entered a

conditional guilty plea, he would be precluded from pursuing a civil action against the police

officers for their conduct related to the search of the brown barn. Although trial counsel

acknowledged that petitioner raised the issue of civil litigation, petitioner never explained the

nature of civil litigation he was concerned about or what specific type of claim he intended to

pursue. See State Habeas Mot. to Dismiss, Decker Aff. Counsel explained to petitioner that he

did not do civil rights litigation, nor did he handle appeals to the United States Court of Appeals

for the Fourth Circuit or to the United States Supreme Court. Id. Counsel only knew about two

of petitioner's concerns at the time he was considering a guilty plea: (1) the length of his prison

sentence, and (2) the ability to appeal the suppression issues. Id. Thus, when counsel obtained

an offer for a plea that allowed petitioner to appeal the trial court's ruling on the motion to

suppress, counsel recommended that petitioner accept that offer. Thus, petitioner has failed to

establish either deficient performance or prejudice as required by Strickland, and Claim VII must

be dismissed.

## VI. Conclusion

For the above stated reasons, this petition will be dismissed.  An appropriate Order shall issue.

Entered this ___*18th*___ day of *March* _____ 2016.

Alexandria, Virginia

_____ /s/ _____
Anthony J. Trenga
United States District Judge

15

/s/
Anthony J. Trenga
United States District Judge